IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **MARK ANTHONY McFARLAND,** )<br>)<br>**Plaintiff,** )<br>)<br>vs. )<br>)<br>**PATRICIA D. VINES,** *et al.*, )<br>)<br>**Defendants.** ) | CIVIL NO. 06-299-WDS |

MEMORANDUM AND ORDER

**STIEHL, District Judge:**

Plaintiff brings this action for alleged violations of his constitutional rights by persons acting under the color of federal authority. *See Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971). This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
> > (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
> > (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A. An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Upon careful review of the complaint and any supporting exhibits, the Court finds it appropriate to exercise its authority under § 1915A; this action is subject to summary dismissal.

"On February 5, 1986, McFarland was indicted on thirty-five counts of mail fraud in violation of 18 U.S.C. § 1341, to which he pleaded guilty and was sentenced to 25 years." *United States v. McFarland*, 839 F.2d 1239 (7th Cir.), *cert. denied*, 180 S.Ct. 1750 (1988).

Plaintiff brings this action against three employees of the U.S. Parole Commission, three federal probation officers, and two employees of the U.S. Marshals Service, for their respective roles leading to the revocation of his parole in April 2004. His 45-page complaint enumerates 41 separate claims, which can be distilled into one general theme – Plaintiff alleges that all eight Defendants conspired with another probation officer, Paul Kotcher, to revoke Plaintiff's parole by filing false charges against him. For their actions, Plaintiff seeks $500,000 in damages from each Defendant.

Claims challenging the fact or duration of confinement are not cognizable under civil rights jurisdiction. *See Savory v. Lyons*, 469 F.3d 667, 670 (7th Cir. 2006). This is true whether a claimant seeks an injunction, *Preiser v. Rodreguez*, 411 U.S. 475, 490 (1973), or seeks damages, *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994), and regardless of the nature of that confinement, "whether a warrant, indictment, information, summons, parole revocation, conviction or other judgment, or disciplinary punishment for the violation of a prison's rules." *Antonelli v. Foster*, 104 F.3d 899, 900-01 (7th Cir. 1997); *see also Knowlin v. Thompson*, 207 F.3d 907, 909 (7th Cir. 2000) (finding that *Heck* bars a § 1983 suit that would necessarily imply the invalidity of a parole revocation).

Plaintiff's claims against all Defendants regarding his 2004 parole revocation are clearly barred by *Preiser* and *Heck*. Plaintiff asserts that, due to the actions of Defendants, false charges were filed against him that led to his parole revocation. While the Supreme Court in *Heck* left open the possibility that § 1983 could be employed to challenge use of the wrong procedures, rather than reaching the wrong result, the Court later made clear that even a challenge to procedures could necessarily imply the invalidity of the judgment. *Edwards v. Balisok*, 520 U.S. 641, 645-48 (1997).

Accordingly, Plaintiff has failed to state a claim upon which relief may be granted, and this action is **DISMISSED** without prejudice.  If Plaintiff convinces a federal habeas court to reverse the 2004 parole revocation decision, then he may bring a new *Bivens* claim for damages relating to the nullified decision.  *See Copus v. City of Edgerton*, 96 F.3d 1038, 1039 (7th Cir. 1996) (stating that where *Heck* bars a § 1983 claim, a district court should dismiss such claim without prejudice so that the plaintiff may collaterally attack the legal process that led to his confinement).

**IT IS SO ORDERED.**

**DATED: August 1, 2007.**

                                                **s/ WILLIAM D. STIEHL**
                                                  **DISTRICT JUDGE**