# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MARK ANTHONY McFARLAND, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | CIVIL NO. 06-299-WDS |
| ) | |
| PATRICIA D. VINES, *et al.*, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

**STIEHL, District Judge:**

This action is before the Court to rule on Plaintiff's motion for reconsideration (Doc. 23). Technically, such a motion does not exist under the Federal Rules of Civil Procedure. The Seventh Circuit has held, however, that a motion challenging the merits of a district court order will automatically be considered as having been filed pursuant to Rule 59(e) or Rule 60(b) of the Federal Rules of Civil Procedure. *See, e.g., Mares v. Busby*, 34 F.3d 533, 535 (7th Cir. 1994); *United States v. Deutsch,* 981 F.2d 299, 300 (7th Cir. 1992). If a motion challenging a judgment on the merits is served after ten days of the rendition of judgment, the motion falls under Rule 60(b).'" *Id.* (citations omitted).

Judgment was entered in this action on August 1, 2007, but the instant motion was not filed until November 29, 2007, well after the 10-day period expired. *See* FED.R.CIV.P. 59(e). Therefore, as a Rule 59(e) motion, the motion is time-barred. Under *Deutsch*, the Court will thus construe the motion as filed pursuant to Rule 60(b) of the Federal Rules of Civil Procedure.

Rule 60(b) provides for relief from judgment for "mistake, inadvertence, surprise, or excusable neglect." FED.R.CIV.P. 60(b)(1). However, the reasons offered by a movant for setting aside a

judgment under Rule 60(b) must be something that could not have been employed to obtain a reversal by direct appeal. *See, e.g., Bell v. Eastman Kodak Co.*, 214 F.3d 798, 801 (7th Cir. 2000); *Parke-Chapley Constr. Co. v. Cherrington*, 865 F.2d 907, 915 (7th Cir. 1989) ("an appeal or motion for new trial, rather than a FRCP 60(b) motion, is the proper avenue to redress mistakes of law committed by the trial judge, as distinguished from clerical mistakes caused by inadvertence"); *Swam v. United States*, 327 F.2d 431, 433 (7th Cir.), *cert. denied*, 379 U.S. 852 (1964) (a belief that the Court was mistaken as a matter of law in dismissing the original petition does "not constitute the kind of mistake or inadvertence that comes within the ambit of rule 60(b).").

In this case, Plaintiff does not allege any sort of mistake, inadvertence or excusable neglect on the part of the Court. Instead, he states that eight months after he filed this action, he was arrested by federal authorities and was thus prevented from filing any further pleadings in this action. This claim does not have any bearing on the Court's decision that Plaintiff's claims regarding his 2004 parole revocation were barred by *Preiser v. Rodreguez*, 411 U.S. 475, 490 (1973), and *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). Accordingly, the instant motion is **DENIED**.

In this motion, Plaintiff also seeks a copy of each pleading filed in this action to date. This request is **DENIED**. Instead, the Clerk is **DIRECTED** to send Plaintiff a copy of the docket sheet in this action, along with information regarding the cost of providing him a copy of each document. Plaintiff may then determine which documents he needs and remit the appropriate amount to the Clerk to obtain those copies.

**IT IS SO ORDERED.**

**DATED: August 25, 2008.**

s/ WILLIAM D. STIEHL
DISTRICT JUDGE
